UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALLEN TOMAS,

        Petitioner,                    Case No. 1:16-cv-269

v.                                          Honorable Paul L. Maloney

SHERRY BURT,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Background

Petitioner James Allen Tomas presently is incarcerated at the Muskegon Correctional Facility. Following a jury trial in the Muskegon County Circuit Court, Petitioner was convicted of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. On April 29, 2013, Petitioner was sentenced as a fourth-offense felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 20 to 30 years.

Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two issues he presents in his habeas petition:

  I.   THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE PROSECUTOR TO BRING WITNESSES TO TESTIFY ABOUT FIGHTS [PETITIONER] HAD BEEN IN ON PRIOR OCCASIONS IN WHICH A KNIFE WAS USED.

  II.  THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY OVERRULING [PETITIONER]'S OBJECTION TO USE EXTRINSIC HEARSAY EVIDENCE TO IMPEACH [PETITIONER]'S VERACITY ON A COLLATERAL MATTER.

(Pet., ECF No. 1, PageID.2, 6, 8.) In an unpublished opinion issued on October 21, 2014, the court of appeals rejected both appellate grounds and affirmed the conviction. The supreme court denied leave to appeal on March 31, 2015.

Petitioner filed his habeas application on or about March 11, 2016.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has

"drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

        I.        <u>Evidence of Other Bad Acts</u>

The facts at trial showed that Petitioner was involved in an altercation with the victim, during which Petitioner stabbed the victim in the stomach, inflicting a potentially fatal wound. Petitioner contended that he did not intentionally stab the victim, but that the victim had fallen on the knife. The prosecutor introduced evidence that Petitioner had used a knife in two prior incidents, in 1986 and 2008. Petitioner contends that the trial court erred in permitting the prosecutor to introduce evidence of other bad acts, which he contends violated MICH. R. EVID. 404(b)(1).

To the extent that Plaintiff challenges the state court's application of its own evidentiary rules, his claim is not cognizable on habeas review. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court

determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552.

There is no clearly established Supreme Court precedent that holds that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts evidence. In *Estelle*, the Supreme Court declined to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. The Sixth Circuit has found that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Because there was no constitutional violation in the admission of "bad acts" evidence, the state court's rejection of Petitioner's first ground for habeas relief was "far from" an

unreasonable determination of the facts in light of the evidence presented. *Clark v. O'Dea*, 257 F.3d 498, 502 (6th Cir. 2001); *see also Bugh*, 329 F.3d at 512.

        II.      <u>Hearsay Evidence</u>

In his second ground for habeas relief, Petitioner contends that the trial court erred in admitting Petitioner's own statements made in 2008, in which Petitioner gave conflicting versions of a prior stabbing incident in which he had been involved. Petitioner contends that the evidence was both improper evidence of a prior bad act under MICH. R. EVID. 404(b) and improper hearsay evidence under MICH. R. EVID. 801(d)(2).

As discussed *supra*, Petitioner's challenge to the admissibility of "bad acts" evidence does not rise to the level of constitutional error. Similarly, Petitioner's challenge to the admissibility of the challenged evidence as hearsay fails to implicate the constitution.

Although in some circumstances, the Confrontation Clause may be implicated by the admission of hearsay testimony, *see Bugh*, 329 F.3d at 506 (discussing *Maryland v. Craig*, 497 U.S. 836, 846 (1990); *Idaho v. Wright*, 497 U.S. 805, 817-23 (1990); *United States v. Owens*, 484 U.S. 554 (1988); *Ohio v. Roberts*, 448 U.S. 56, 65 (1980)), the use of Petitioner's own past statements cannot deprive Petitioner the opportunity to confront the witnesses against him. Moreover, as the Sixth Circuit has recently held, the Supreme Court has never recognized that the constitution is violated by the admission of unreliable hearsay evidence. *Desai v. Booker*, 732 F.3d 628, 630-31 (6th Cir. 2013). Instead, the Supreme Court has merely "h[e]ld out the possibility that 'the introduction' of 'evidence' in general could be 'so extremely unfair that its admission violates fundamental conceptions of justice.'" *Id.* at 631 (citing *Dowling v. United States*, 493 U.S. 342, 352 (1990) (quotation omitted)). Such a standard is highly general. *Id.* "'The more general the rule, the

more leeway courts have in reaching outcomes in case-by-case determinations,'—and, it follows, the less likely a state court's application of the rule will be unreasonable." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Here, as in *Desai*, the state court held that the admission of Petitioner's 2008 statements "fell within an established hearsay exception," in this case for admissions by a party-opponent. *See* MICH. R. EVID. 801(d)(2). *Id.* "Where, as here, a state court reasonably rejects a rule urged by the claimant but yet to be adopted by the Supreme Court, it does not unreasonably apply established federal law." *Id.* at 632 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:  June 1, 2016           /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge